Bonser, et al. v. Nottingham, et al.  CV-96-343-M   06/01/98
UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Terry L. Bonser; Mary L. Parks,
and Cedar Waters Village,
      Plaintiffs

v.                                              Civil No. 96-343-M

Town of Nottingham, N.H.; et al.,
      Defendants


                          **O R D E R**


     Having abstained from consideration of plaintiff's claims,

proceedings were stayed pending the outcome of related state

court litigation.  When the New Hampshire Superior Court

(Rockingham County, McHugh, J.) issued what appears to be a final

decision (and perhaps a judgment), plaintiff moved to bring this

case forward for consideration.  Plaintiff has also appealed the

state court decision to the New Hampshire Supreme Court.

     In its abstention order, this court identified five apparent

flaws in the previous state proceedings giving rise to

plaintiff's claims in federal court:

     (1) No allegation, nor finding of contempt of court has
     been made or entered against the plaintiff partnership
     or Mary L. Parks Bonser or Terry L. Bonser in any state
     legal proceeding;

     (2) No judgment has been entered in any state
     proceeding against the plaintiff partnership or Mary L.
     Parks Bonser or Terry L. Bonser requiring them to pay
     judgments previously entered against Robert Bonser or
     Cedar Waters, Inc.;

     (3) No judgment has been entered in any state
     proceeding against the plaintiff partnership or Mary L.
     Parks Bonser or Terry L. Bonser, based upon any other

obligation or legal theory, requiring them to pay money to the defendant town or the state;

(4) No state court of competent jurisdiction has considered or ruled upon the validity of or the right to enforce the town's apparent prejudgment attachment on the plaintiff partnership's real property; and,

(5) No state court of competent jurisdiction has ruled, on the merits, that the transfer of the subject real property to the plaintiff partnership was fraudulent and therefore void or voidable, so subject to levy to pay the obligations of its prior owners, Robert Bonser and CWI.

Terry L. Bonser, et al. v. Town of Nottingham, et al., No. 96-343-M at 1-2 (D.N.H. July 16, 1997).  In its latest order, the Superior Court addressed those apparent deficiencies and rather clearly agreed that no findings, rulings, or judgments were ever issued or entered against the plaintiff partnership, Mary Parks Bonser, or Terry Bonser that would require them, personally, to pay money to the court or the town, or to pay the obligations of the prior owners.  See Town of Nottingham, E-438-1 at 2, 10, 11, 16 (Feb. 4, 1998).

Despite those acknowledged deficiencies, however, the Superior Court seems to have proceeded in sua sponte fashion to hold that transfer of the disputed property in May of 1987 was fraudulent.  The Superior Court concluded, based on "overwhelming evidence contained in the pleadings," and without hearing or trial involving the plaintiffs here, that although no prior judgment of fraudulent conveyance was ever entered, the property was still subject to levy for the penalties and fines owed to the court and town by Cedar Waters Village, Inc., and Robert A. Bonser (deceased).  The Superior Court ruled: "the real estate

2

that was owned by Cedar Waters Village, Inc., at the time the contempt findings were made is an asset that can be liquidated to satisfy the monetary penalties assessed against the original defendants." Town of Nottingham, at 16 (Feb. 4, 1998).

In response to the plaintiffs' motion for reconsideration, the Superior Court explained that the property was subject to apparent summary levy not because of any judgment against the partnership, Mary Parks Bonser, or Terry Bonser, nor due to any legal process involving them, the current owners, nor because they are members of the family "Bonser," but because the property itself, regardless of current ownership, was involved in the original zoning ordinance violations that gave rise to the litigation with the town. Town of Nottingham, (March 5, 1998) at 5; see also Town of Nottingham, (February 4, 1998) at 3. The Superior court concluded that the current owners (who have apparently never been sued, served with process, or afforded a trial on that or any other relevant issue), should not "reap the reward" of the prior owners' Herculean efforts to avoid paying the fines and penalties justly owed to the town and court.

The partnership and Terry and Mary Parks Bonser have, as noted, appealed the most recent decision of the Superior Court. Whether the latest result in state court, or the unique process that produced it, comports with New Hampshire law, and state and federal constitutional guarantees, are issues the New Hampshire Supreme Court will resolve. One thing is clear, however. Plaintiffs in this case have been proven correct in all their

3

basic claims regarding the patent invalidity of the writs of execution issued against them. The Superior Court's latest ruling confirms that those writs were <u>not</u> supported by any judgment against them, and were indeed legally unenforceable. Whether a "judgment" sufficient to support a newly issued writ of execution against these plaintiffs can be lawfully entered under the circumstances described by the Superior Court remains to be seen.

In any event, plaintiffs do acknowledge that their claims in federal court for injunctive and declaratory relief are now moot. But, they still seek damages for alleged past violations of their constitutional rights. Defendants, for their part, have renewed their motions to dismiss the remaining claims against them. Because the same considerations that counseled in favor of abstention before remain equally persuasive at this juncture, while plaintiffs' appeal is pending in the New Hampshire Supreme Court, this court will necessarily continue to abstain, without dismissing, until a final decision by the highest court with jurisdiction to review the case is rendered (first the New Hampshire Supreme Court and then the United States Supreme Court).

Accordingly, plaintiff's motion to bring forward (document no. 54) is denied under applicable abstention principles, but may be renewed following <u>final</u> resolution of the state court proceedings, after review is sought in the United States Supreme Court. (However, as explained to plaintiffs previously, at that

4

point all pending issues in this case will likely be moot.)
Defendants' motions to dismiss (document nos. 55 and 56) are
denied without prejudice.

     **SO ORDERED.**

                                      _____
                                      Steven J. McAuliffe
                                      United States District Judge

June 1, 1998

cc:  Terry L. Bonser
     Mary L. Parks
     William A. Dewhurst, Esq.
     William G. Scott, Esq.
     Christopher P. Reid, Esq.
     Douglas N. Steere, Esq.